Filed
6/1/2016 1:59:45 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2016CVT001550D4

CAUSE NO. 2016 CVT001550 D4

| | | |
|---|---|---|
| JOSE JUAN HERNANDEZ AND SILVIA YOLANDA HERNANDEZ<br>Plaintiff<br>VS.<br><br>JOEL ENCARNACION GARCIA AND EXPRESS DIAZ HERMANOS TRUCKING<br>Defendant | § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>406th JUDICIAL DISTRICT<br><br><br>WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COME NOW, JOSE JUAN HERNANDEZ AND SILVIA YOLANDA HERNANDEZ, hereinafter referred to as Plaintiffs, complaining of **JOEL ENCARNACION GARCIA AND EXPRESS DIAZ HERMANOS TRUCKING** hereinafter referred to as Defendants, and for his cause of action would respectfully show unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.0   Plaintiff, JOSE JUAN HERNANDEZ AND SILVIA YOLANDA HERNANDEZ, damages exceed $1,000,000 and hereby intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.

### II.
### INTRODUCTION

2.0   Plaintiffs Jose Juan Hernandez and Silvia Yolanda Hernandez are residents of Webb County Texas.

2.1   Defendant, **JOEL ENCARNACION GARCIA**, is a resident of San Nicolas, NL and may be cited to appear by serving citation through Hague Convention Method on his place of abode in 124 Antonio Diaz Soto San Nicolas, NL 86000.

2.2     Defendant, **EXPRESS DIAZ HERMANOS TRUCKING**, may be cited by Hague Convention Method through its principal place of business 300 Albatross la. Enramada, Apodaca NL 88000.

## III.
## VENUE FACTS

3.0     Plaintiff is maintaining this cause of action in Webb County, Texas because the incident made the basis of this suit occurred in Webb County, Texas. Plaintiff is further maintaining this cause of action in Webb County, Texas pursuant to section 15.002 (a) (1) of the Texas Civil Practice and Remedies Code.

## IV.
## CLASSIFICATION

4.0     Plaintiff is bringing this cause of action against the named Defendants for personal and bodily injuries caused by an incident which occurred on or about September 01, 2015 in Laredo, Webb County, Texas. All conditions precedent have been satisfied.

## V.
## FACTS AND BACKGROUND INFORMATION

5.0     On or about September 01, 2015 Plaintiff, **JOSE JUAN HERNANDEZ** was driving a 2002 Honda Civic North on the 10800 block of McPherson Rd turning west on 1900 block of NE Bob Bullock loop. Defendant, **JOEL ENCARNACION GARCIA**, while in the course and scope of his employment, was driving a 2006 Chevrolet Rabon owned by **EXPRESS DIAZ HERMANOS TRUCKING**. Defendant **JOEL ENCARNACION GARCIA** was traveling North on the 10800 block of McPherson Rd turning west on the 1900 block of NE Bob Bullock loop. Defendant JOEL ENCARNACION GARCIA switched lanes unsafely, and struck the vehicle driven by Jose Juan Hernandez, causing the incident made basis of this lawsuit.

## VI.
## CAUSES OF ACTION
### Negligent Actions of Joel Encarnacion Garcia

6.0  On the occasion in question, Defendant, **JOEL ENCARNACION GARCIA**, operated the 2006 Chevrolet Rabon in a negligent manner, in that he violated the duty which he owed Plaintiff, **JOSE JUAN HERNANDEZ**, to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

   a. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   b. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

   c. In failing to take proper evasive action and avoid the collision in question;

   d. In failing to control the speed of his vehicle to avoid the collision in question;

   e. In failing to maintain attention while driving as a reasonable prudent person would have done;

   f. Switched lanes when unsafe;

   g. In driving his vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401 of the Texas Transportation Code, which constitutes negligence and negligence per se.

6.1  Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

6.2  Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence and negligence per se which proximately caused the accident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

### Respondent Superior Theory

6.3    On the occasion in question, Defendant, **JOEL ENCARNACION GARCIA**, was an agent, employee, and/or representative of Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** acting in the course and scope of his agency and/or employment and thus Defendant, **EXPRESS DIAZ HERMANOS TRUCKING**, is liable for the tortuous acts and/or omissions of his employee and/or representative, pursuant to the doctrine of Respondent Superior and/or Agency.

### Negligent Actions of Express Diaz Hermanos Trucking

6.4    Plaintiff alleges that on the occasion in question, Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** was negligent in that they violated the duty which they owed Plaintiff to exercise ordinary care in the operation of their business in one or more of the following respects:

   a.   In failing to use ordinary care and properly screen prospective employees and/or agents and negligently hiring Defendant, **JOEL ENCARNACION GARCIA**.

   b.   In failing to supervise and monitor Defendant, **JOEL ENCARNACION GARCIA**, as a reasonable transportation company would have done under the same or similar circumstances.

   c.   In failing to train its employee and/or agent **JOEL ENCARNACION GARCIA** as a reasonable company would have done under the same or similar circumstances.

   d.   In retaining its employee and/or agent **JOEL ENCARNACION GARCIA** after Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** knew or should have known that the continued employment and/or services of **JOEL ENCARNACION GARCIA** would create an unreasonable risk and harm to others.

   e.   In failing to enforce and ensure compliance of established safety and operational rules and regulations for its employees and/or agents as reasonable company would have done under the same or similar circumstances.

6.5    Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

6.6     Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence which proximately caused the incident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

<u>Negligent Entrustment Theory</u>

6.7     Plaintiff further alleges that Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** was the owner of the vehicle by Defendant, **JOEL ENCARNACION GARCIA** at the time of the incident in question. Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** was negligent in entrusting said vehicle to Defendant, **JOEL ENCARNACION GARCIA**, in that the said **JOEL ENCARNACION GARCIA** was an unskilled, incompetent and reckless driver, and that the Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** knew, or through the exercise of ordinary and prudent care, should have known that the said **JOEL ENCARNACION GARCIA** was an unskilled, incompetent and reckless driver; that the Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** was therefore negligent in entrusting said vehicle to Defendant, **JOEL ENCARNACION GARCIA** and such negligent act on the part of the Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** was a direct and proximate cause of the incident in question and the Plaintiff's resultant injuries. Therefore, Plaintiff is entitled to and hereby sues Defendant, **EXPRESS DIAZ HERMANOS TRUCKING** pursuant to the negligent entrustment theory.

## VII.
## <u>DAMAGES OF JOSE JUAN HERNANDEZ</u>

7.0     As a result of the collision made the basis of this action, Plaintiff, **JOSE JUAN HERNANDEZ** has suffered severe physical pain and mental anguish. In all reasonable probability, he will continue to so suffer such physical pain and mental anguish for a long time into the future, if not for the balance of his natural live.

7.1     As a further result of the Defendants' negligence, Plaintiff, JOSE JUAN HERNANDEZ, has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

7.2     Plaintiff, JOSE JUAN HERNANDEZ, would further show that as a result of the injuries he sustained due to the Defendants' negligence, he has suffered physical impairment in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

7.3     Plaintiff, JOSE JUAN HERNANDEZ would further show that he has been unable to perform his regular work activities due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of wages and loss of wage earning capacity.

## DAMAGES OF SILVIA YOLANDA HERNANDEZ

7.0     As a result of the collision made the basis of this action, Plaintiff, SILVIA YOLANDA HERNANDEZ has suffered severe physical pain and mental anguish. In all reasonable probability, he will continue to so suffer such physical pain and mental anguish for a long time into the future, if not for the balance of her natural live.

7.1     As a further result of the Defendants' negligence, Plaintiff, SILVIA YOLANDA HERNANDEZ, has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

7.2     Plaintiff, SILVIA YOLANDA HERNANDEZ, would further show that as a result of the injuries she sustained due to the Defendants' negligence, she has suffered physical impairment in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

7.3   Plaintiff, SILVIA YOLANDA HERNANDEZ would further show that she has been unable to perform her regular work activities due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for her loss of wages and loss of wage earning capacity.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.0   Plaintiff further alleges that he is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided for by the case of Caynar v. Quality Control Parking, Inc., 696 S.W.2d 549, (Tex. 1985) and by Section 304 of the Texas Finance Code.

8.1   By reason of all of the above and foregoing elements, Plaintiff, JOSE JUAN HERNANDEZ AND SILVIA YOLANDA HERNANDEZ, have suffered losses and damages in a sum that far exceed the minimum jurisdictional limits of this Court and for which he hereby sues said Defendants.

## IX.
## REQUEST FOR DISCLOSURE

9.0   Pursuant to Rule 194, Defendant is requested to disclose within 50 (fifty) days of service of this Request, the information or material described in Rule 194.2 to be produced to Attorney for Plaintiffs ,Gonzalez and Associates 737 Main Street Eagle Pass Texas 78852, Facsimile Number 830-757-8327.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby requests that Defendants be cited to appear and answer herein, and that on final trial hereof, Plaintiff have and recover the following:

1. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate as prescribed by law;

2. Costs of suit;

3. Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute; and

4. Such other and further relief, both general and special at law and in equity, to which Plaintiff may show them justly entitled.

Respectfully submitted,

GONZALEZ & ASSOCIATES
737 E. Main Street, Suite D
Eagle Pass, Texas 78852
Telephone No.: (830) 757-8323
Facsimile No.: (830) 757-8327

/s/ *Hector Gonzalez*

HECTOR GONZALEZ
State Bar No. 24071889
ANGEL GONZALEZ
State Bar No. 24085786
**ATTORNEYS FOR PLAINTIFF**